UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>GREGORY MELLA,<br>    a/k/a "Little G,"<br><br>                   Defendant. | **Protective Order**<br><br>**20 Cr. 291 (RA)** |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16(a), the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated;  and (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "sensitive disclosure material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and

whose lives, persons, and property, as well as the lives, persons and property of loved ones, may be subject to risk of harm absent the protective considerations set forth herein. Upon the Government producing material that it designates as sensitive disclosure material, if defense counsel disagrees with the Government's designation of any disclosure material or any portion thereof as sensitive, and the parties cannot resolve the dispute themselves, the dispute shall promptly be brought to the Court for its resolution. Until the Court rules, the Government's designation is controlling.

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:**

1. Disclosure material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

2. Disclosure material that is not sensitive disclosure material may be disclosed by counsel to:

(a) Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

(b) Prospective witnesses ("Prospective Witnesses") for purposes of defending this action, but shall not disseminate Disclosure Material to Prospective Witnesses or permit Prospective Witnesses to make or retain copies of Disclosure Material. To the extent Disclosure

Material is disclosed to Prospective Witnesses, defense counsel shall first instruct each Prospective Witness as to the terms of this Order and instruct such Prospective Witness(es) that they are bound by the terms of this Order.  Defense counsel shall make reasonable efforts to maintain a record of what Disclosure Material has been disclosed to Prospective Witnesses pursuant to this Order.

3. Sensitive disclosure material shall be kept in the sole possession of counsel and members of the defense team; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel employed by or retained by counsel, or for whom counsel is responsible; shall not be copied or otherwise recorded by the defendants; and may be disclosed by counsel only to personnel for whose conduct counsel is responsible; *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action.

4. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

5. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

6. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any

order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

7. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

8. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

[Remainder of page intentionally left blank]

**Retention of Jurisdiction**

10. The provisions of this order shall not terminate at the conclusion of this criminalprosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: *Michael R Herman*     Date: 08/20/2020

Michael R. Herman
Assistant United States Attorney


*Donna Newman*     Date: 8/20/2020

Donna Newman
Counsel for Gregory Mella


SO ORDERED:

Dated: New York, New York
       August 21, 2020

_____
HON. RONNIE ABRAMS
UNITED STATES DISTRICT JUDGE

5